[980 NYS2d 772]

## In the Matter of Barry Balaban, an Attorney, Resignor.

Second Department, February 19, 2014

### APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Carolyn Mazzu Genovesi* of counsel), for Grievance Committee for the Tenth Judicial District.

*Goldstein & Weinstein*, Bronx (*Barry A. Weinstein* of counsel), for resignor.

**OPINION OF THE COURT**

Per Curiam.

Barry Balaban (hereinafter the resignor) has proffered an affidavit of resignation wherein he acknowledges that he is the subject of an investigation into his professional misconduct relating to criminal charges of suborning perjury, obstructing justice, and tampering with a witness, which are pending in the United States District Court for the Southern District of New York, before the Honorable P. Kevin Castel. He avers that he would not be able to successfully defend himself on the merits of any disciplinary charges predicated upon these criminal charges.

The resignor further acknowledges that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with his attorney, and is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.

Finally, the resignor avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He further acknowledges the continuing jurisdiction of this Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded to him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court accept the resignor's resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, the resignor is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

Eng, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.

Ordered that the resignation of Barry Balaban is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Barry Balaban is disbarred, and his name is stricken

from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Barry Balaban shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Barry Balaban is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Barry Balaban has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).